## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JACK THOMAS, | ) |
| on behalf of plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ASSET ACCEPTANCE, LLC; | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.    Plaintiff Jack Thomas brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Asset Acceptance, LLC.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## VENUE AND JURISDICTION

3.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337.

4.    Venue and personal jurisdiction in this District are proper because:

a.    Defendant's collection communications and practices impacted plaintiff within this District;

1

b.       Defendant does or transacts business within this District.

## PARTIES

5.       Plaintiff Jack Thomas is an individual who resides in the Northern District of Illinois.

6.       Defendant Asset Acceptance, LLC is a limited liability company organized under Delaware law with its principal place of business in Michigan.  It does business in Illinois.  Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

7.       Defendant Asset Acceptance, LLC is engaged in the business of using the mails and telephone system to collect debts originally owed to others.

8.       Defendant Asset Acceptance, LLC is a debt collector as defined in the FDCPA.

9.       Among other things, Asset Acceptance, LLC files thousands of collection lawsuits in the Illinois courts.

10.       Between November 29, 2011 and September 11, 2012, Asset Acceptance, LLC filed 1,000 collection lawsuits in the First Municipal District of the Circuit Court of Cook County, alone.

11.       During the same period, Asset Acceptance, LLC filed over 800 collection lawsuits in other Illinois courts.

12.       According to the annual report on SEC Form 10-K filed by its parent, Asset Acceptance Capital Corp. for 2010 ("Form 10-K"), at original page 46, legal collections accounted for 44.8% of all collections of Asset, and (*id.*, original pages 12, 44, and 46) that

Asset employs "standardized collection methodology".

13.     Asset Acceptance, LLC pays less than 5 cents on the dollar for debts. Nationally, "from January 1, 2001 through December 31, 2010, [Asset] purchased 1,182 consumer debt portfolios, with an original charged-off face value of $43.3 billion for an aggregate purchase price of $1.1 billion, or 2.57% of face value, net of buybacks." (Form 10-K, original page 1.) Of these, 53.2% were general purpose credit card debts and an additional 15.3% private label credit card debts (*Id*., original page 5.)

## FACTS RELATING TO PLAINTIFF THOMAS

14.     Defendant has been attempting to collect from plaintiff Thomas an alleged credit card balance claimed to have been incurred for personal, family or household purposes and not for business purposes.

15.     On November 10, 2011, a lawsuit was filed by Asset Acceptance, LLC against Jack Thomas in the Circuit Court of Cook County, Illinois, case 2011 M1 172137.

16.     A copy of the complaint is attached as Appendix A.

17.     Attached to the complaint was an affidavit with the stamped name of July Melasi, Appendix B.

18.     According to the affidavit, the debt Asset Acceptance, LLC sought to collect was a Citibank credit card.

19.     Appendix B states that the affiant is "familiar with the manner and method by which Asset creates and maintains its business records, including computer records of its accounts" and that "The business records associated with the receivable demonstrate that our claim against Defendant is in the amount of $8,313.97."

20.     Asset Acceptance, LLC acquired Citibank debts pursuant to agreements which disclaim the accuracy of the information provided.

21.     Attached as Appendix C is Citibank's standard agreement for the sale of receivables.  (The agreement is with a different debt buyer, but the disclaimers of responsibility on the part of Citibank obviously came from Citibank.)  On information and belief, the provisions quoted below were included in the agreement applicable to the alleged purchase by Asset Acceptance, LLC of the portfolio in which plaintiff's debt was supposedly a part.

22.     In Appendix C, Citibank states, in §3.3, "Representations Concerning Accounts," that "With respect to each Account, the Bank represents that to the best of its knowledge as of the Cut-Off Date: . . . (i) the current balance on the Account is $100 or more".

23.     The only remedy for breach of this promise is that for a period of 180 days Citibank has to reimburse the purchase price of the account or buy the account back (§3.4).

24.     Citibank "makes no other representations or warranties, express or implied, with respect to any of the Accounts other than as specifically set forth in this Section 3.3."

25.     The debt buyer represents that it "is a sophisticated investor and its bid and

decision to purchase the Accounts are based upon its own independent expert evaluations of the nature, validity, collectability, enforceability and value of the Accounts. The Buyer has had sufficient opportunity to complete the independent investigation and examination into the Accounts that Buyer deems necessary. Buyer enters into this Agreement solely on the basis of that investigation and Buyer's own judgment.  Buyer has made an independent determination

that the Purchase Price represents the Accounts' fair and reasonable value. Buyer is not acting in

reliance on any representation by the Bank, except those listed in Section 3.3."

     26.    The agreement also provides (§4.4) that "Buyer acknowledges and agrees

that except for warranties and representations set forth in Section 3.3 of this Agreement, Bank

has not and does not represent, warrant or covenant the nature, accuracy, completeness,

enforceability or validity of any of the Accounts and supporting documentation provided by

Bank to Buyer, and, subject to the terms of this Agreement, all documentation, information,

analysis and/or correspondence, if any, which is or may be sold, transferred, assigned and

conveyed to Buyer with respect to any and all Accounts is sold, transferred, assigned and

conveyed to Buyer on an 'AS IS, WHERE IS' basis, WITH ALL FAULTS."

     27.    Asset Acceptance, LLC endeavors to avoid producing its agreements for

the purchase and sale of debts in collection actions. Where the consumer appears to be familiar

with such agreements, or retains counsel who display such familiarity, Asset Acceptance, LLC

usually voluntarily dismisses the collection action.

     28.    Mr. Thomas retained counsel to defend the collection action brought by

Asset Acceptance, LLC on March 30, 2012.

     29.    Asset Acceptance, LLC dismissed its collection action against Mr.

          Thomas

on May 22, 2012.

     30.    A document is not admissible as a "business record" under Illinois law if

"the source of information or the method or circumstances of preparation indicate lack of

trustworthiness . . . ." Illinois R. Evid. 803(6).

5

31. By submitting to the consumer an affidavit in the form of Appendix B, while concealing documents in which the alleged account seller effectively disclaims the accuracy of its records and information (by refusing to represent more than that the consumer owes $100, with minimal recourse if that is inaccurate), Asset Acceptance, LLC perpetrates a fraud on the consumer.

32. On or about August 1, 2012, Asset sent plaintiff a letter seeking to collect the alleged credit card debt. A copy of the letter is attached as Appendix D.

33. Plaintiff received the letter at his home address, even though Asset knew plaintiff was represented by counsel.

## FACTS – GENERAL

34. It is the policy and practice of Asset Acceptance, LLC to serve consumers with affidavits in the form represented by Appendix B, even though the purchase and sale agreement contains disclaimers such as those quoted above.

## COUNT I – FDCPA

35. Plaintiff incorporates paragraphs 1-34.

36. Defendant engaged in deceptive collection practices, in violation of 15 U.S.C. §§1692e, 1692e(2), and 1692e(10), by providing fraudulent affidavits to consumers.

37. The provision of the false affidavits to consumers is material because they effectively represent to consumers that Asset Acceptance, LLC can prove the debt, when it cannot.

38. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of–**

**(A) the character, amount, or legal status of any debt; . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

39.    Plaintiff brings this action on behalf of a class, pursuant to Fed. R.Civ.P. 23(a) and (b)(3).

40.    The class consists of (a) all natural persons with Illinois addresses (b) to whom defendant provided an affidavit in the form represented by Appendix B (c) concerning a debt that was the subject of an "as is" disclaimer (d) on or after a date one year prior to the filing of this action, and (e) on or before a date 20 days after the filing of this action.

41.    The class members are so numerous that joinder is impracticable.

42.    Based on the volume of Asset Acceptance, LLC cases and the prevalence of disclaimers, there are more than 100 class members.

43.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

a.    Whether Asset Acceptance, LLC regularly provides consumers with affidavits in the form of Appendix B;

7

        b.      Whether Asset Acceptance, LLC regularly obtains debts subject to "as is" disclaimers;

        c.      Whether the provision of an affidavit in the form of <u>Appendix B</u> concerning a debt that is the subject of an "as is" disclaimer is fraudulent.

44.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

45.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

46.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible, and in any event are not sufficient to prevent defendants from continuing their violations of the law. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

        (1)    Statutory damages;

        (2)    Attorney's fees, litigation expenses and costs of suit;

        (3)    Such other or further relief as the Court deems proper.


                               <u>s/Daniel A. Edelman</u>
                               Daniel A. Edelman

Daniel A. Edelman

Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)