IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK THOMAS, individually and on behalf of a class<br><br>Plaintiff,<br><br>vs.<br><br>ASSET ACCEPTANCE, LLC,<br><br>Defendant. | Case No. 12-7360<br>Judge Harry D. Leinenweber<br>Magistrate Maria Valdez |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant Asset Acceptance, LLC ("Asset"), by and through its attorneys, respectfully submits this memorandum in support of its Motion to Stay Discovery:

### INTRODUCTION

Discovery should be stayed in this matter because the burden Asset would incur in responding to Plaintiff's written discovery *before* the Court rules on its pending Motion to Dismiss (DE 23-24) outweighs any benefit Plaintiff may incur by receiving responses prior to the Court's ruling. The Court has discretion to stay discovery under Federal Rule of Civil Procedure 26(b)(2)(C) until after it rules on Asset's Motion to Dismiss and should do so to prevent an unnecessary burden on Asset. Asset would be burdened by unnecessary attorneys' fees and costs in responding to discovery requests when there is a legitimate possibility that the case could be dismissed soon and by having to prematurely provide class and other sensitive information and documents to Plaintiff's counsel before

the Court rules on Asset's Motion to Dismiss. Plaintiff will not be prejudiced in any way by a stay of discovery.

## BACKGROUND

Plaintiff filed this putative class action alleging that Asset violated the FDCPA by providing a fraudulent affidavit to Plaintiff in a state court collection lawsuit. DE 1, ¶¶ 30-31, 36. On October 30, 2012, Asset filed a motion to dismiss the Complaint. DE 23 & 24. On November 8, 2012, the Court set a briefing schedule for Asset's Motion, requiring Plaintiff to respond by December 18, 2012, requiring Asset to file its reply by January 8, 2012, and setting February 13, 2013 for oral ruling on the Motion to Dismiss. DE 26.

On November 26, 2012, Plaintiff served Asset with seventeen (17) Requests for Admission, nine (9) Interrogatories, and eighteen (18) Requests for Production. *See* **Exhibit A.** Pursuant to the Federal Rules of Civil Procedure 33, 34, and 36, Asset's responses are due on December 26, 2012, which is one week *after* Plaintiff's response to the Motion to Dismiss is due and six weeks *before* the Court rules on Asset's Motion to Dismiss.

There is <u>no</u> reason for the parties to engage in discovery prior to the Court's ruling on Asset's Motion to Dismiss. The Motion to Dismiss addresses the allegations in the Complaint and nothing in Plaintiff's discovery requests addresses the Motion to Dismiss. Rather, in the discovery requests, Plaintiff seeks class information, such as class numbers, purported class member account files, and Asset's net worth, all of which are premature at this point because no class has been certified. Plaintiff also seeks information

irrelevant to the issues raised in the Complaint and the Motion to Dismiss, such as phone call recordings, Asset's policies and financial statements, and broad categories of documents such as all documents related to Plaintiff. *See* Ex. A. Such demands when there is a legitimate possibility that the case could be dismissed soon amounts to a fishing expedition Plaintiff's counsel is undertaking in an effort to get as much information as possible before Plaintiff's tenuous class action Complaint is disposed of.

Asset should not have to incur attorneys' fees and costs to respond to Plaintiff's irrelevant discovery requests when it has already filed a Motion to Dismiss the class action Complaint based on Plaintiff's failure to plead a viable claim.

## ARGUMENT

Asset seeks an order staying discovery pending a ruling on its Rule 12 Motion to Dismiss because there is a there is a legitimate possibility that the Complaint could be dismissed on Asset's Motion to Dismiss, thus, responding to irrelevant and premature discovery requests would not be an efficient use of its resources, *especially* when the information requested is sensitive information for which Asset will have to incur an additional burden and expense to seek a protective order. Given the pending Motion to Dismiss and the plain lack of merit of Plaintiff's claims, this request is reasonable and supported by the Federal Rules of Civil Procedure as well as Federal case law.

**A.  This Court has Broad Discretion to Grant a Stay of Discovery to Avoid Undue Burden or Expense.**

Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure provides in pertinent part:

3

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the district court has broad discretion to limit discovery. *Simmons v. Allied/IRMC,* No. 07-1007, 2007 WL 2728971, *1 (C.D. Ill. Sept. 17, 2007) ("Fed.R.Civ.P. 26(b)(2)(C) of the Federal Rules of Civil Procedure empowers courts to exercise broad discretion by limiting the scope of discovery, taking into account "the totality of the circumstances, weighing the value of the material sought against the burden of providing it," and taking into account society's interest in furthering "the truthseeking function" in the particular case before the court.") The district court's discretion includes the power to grant or deny discovery requests, and its decision will not be reversed absent an abuse of discretion. *Id.*

**B.      A Stay of Discovery is Necessary in this Action to Avoid Undue Burden or Expense.**

Courts in this district routinely rely upon Rule 26 to stay discovery while a motion to dismiss is pending and where discovery is not necessary to resolve the action. For example, in *Cataldo v. City of Chicago*, No. 01 C 6665, 2002 WL 91903, *1 (N.D. Ill. Jan. 24, 2002), the defendant sought a stay of discovery on the grounds that discovery was unnecessary <u>in light of its pending motion to dismiss</u>. The court agreed. The court

4

reasoned: "we do believe a stay is appropriate. Requiring the City to locate, copy and redact the documents when there is a **legitimate possibility that the case could be dismissed would not be an efficient use of its resources**, especially given the current procedural posture of the case." *Id.* at *2 (emphasis added). *See also In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("**such stays are granted with substantial frequency**. . . . [And] some districts have a rule that prohibits discovery during the pendency of such a motion, and in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery.") (emphasis added)); *Hill v. Amoco Oil Co.,* No. 97 C 7501, 2001 WL 293628, *6 (N.D. Ill. Mar. 19, 2001) ("Defendant Amoco requested, and was granted, a stay of discovery that lasted for nearly 18 months while the parties litigated a dispositive motion to dismiss."); *R.E. Davis Chem. Corp. v. Nalco Chem. Co.*, 757 F. Supp. 1499, 1504, fn. 1 (N.D. Ill. 1990) ("On June 29, 1989, the Court, on defendants' motion, ordered that discovery be stayed pending resolution of the defendants' motion to dismiss the complaint."); and, *Stokes v. City of Chicago*, No. 86 C 4759, 1986 WL 12311, *1 (N.D. Ill. Oct. 24, 1986) ("[d]iscovery has been stayed pending disposition of this motion to stay.")

Like *Catalado, supra,* there is a legitimate possibility that Plaintiff's class action Complaint could be dismissed. Asset argues in the Motion to Dismiss that the Complaint fails to state a claim because (1) it rests on a purported purchase agreement that (a) is between two entities that are not parties to this lawsuit, (b) that Plaintiff admits does not apply to his account, (c) that Plaintiffs alleges contains "disclaimers" that are not "disclaimers" at all; (2) Plaintiff does not allege any facts to show that the affidavit

5

contains any false information; and (3) because the affidavit itself contradicts Plaintiff's claims that the affidavit is deceptive. DE 23-24. Plaintiff's claims are quite tenuous and stand a strong chance of being dismissed.

Further, similar to *Catalado, supra,* the legal issues raised in the Motion to Dismiss are independent of the information demanded in Plaintiff's discovery requests. Plaintiff asks for class information (class numbers, purported class member account files, and Asset's net worth) and phone call recordings, Asset's policies and financial statements, and broad categories of documents such as all documents related to Plaintiff. Most of that information is irrelevant to the Motion to Dismiss and premature because no class has been certified. Asset should not have to incur the burden and expense of responding to discovery when it asks for information irrelevant to the issues raised in the Motion to Dismiss.

Furthermore, the requested information and documents are sensitive business information for which Asset would normally seek a protective order prior to providing it in discovery. The purported class member account files, class numbers, Asset's net worth, and Asset's policies and financial statements contain social security numbers, phone numbers, addresses, and financial information for consumers, proprietary business information for Asset, and documents that may be subject to confidentiality agreements with third parties. Asset will need to obtain a protective order prior to producing such information and documents. Asset should not have to incur the burden and expense of drafting and presenting a protective order and motion when there is a legitimate

possibility that the Complaint will be dismissed and the requested information is irrelevant to the Motion to Dismiss.

Thus, Plaintiff's discovery requests are unnecessary to address the Motion to Dismiss, which Asset believes will resolve this lawsuit, and would impose an undue burden on Asset by forcing Asset to provide irrelevant but sensitive information to Plaintiff and Plaintiff's counsel and unnecessarily incur attorneys' fees and costs in the process. For these reasons, this Court should stay discovery pending resolution of Asset's Rule 12 Motion to Dismiss.

## CONCLUSION

Based upon the foregoing, Asset respectfully requests that this Court issue an order staying discovery pending a decision on its Rule 12 Motion to Dismiss.

Dated: November 30, 2012                **ASSET ACCEPTANCE, LLC**

By: /s/ Dawn N. Williams  
    Robert M. Horwitz (rhorwitz@dykema.com)  
    Amy R. Jonker (ajonker@dykema.com)  
    Dawn N. Williams  
    (dwilliams@dykema.com)  
    Dykema Gossett PLLC  
    10 South Wacker Drive  
    Chicago, Illinois 60606  
    Phone: 312-876-1700  
    Fax: 312-627-2302