**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JACK THOMAS, MARCIA HERTZ, and ARIFUR RAHMAN, on behalf of themselves and a class, | ) ) ) ) | |
| | ) | 12-cv-7360 |
| Plaintiffs, | ) ) | |
| | ) | Judge Thomas M. Durkin |
| v. | ) | Magistrate Judge Maria Valdez |
| | ) | |
| ASSET ACCEPTANCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF JACK THOMAS'S RENEWED MOTION TO CONDUCT
DISCOVERY REGARDING MOTION TO COMPEL ARBITRATION**

Pursuant to Fed.R.Civ.P. 56(d), plaintiff Jack Thomas respectfully moves the Court for an order giving him leave to take certain discovery prior to responding to defendant Asset Acceptance, LLC's Renewed Motion to Compel Arbitration and Stay or Dismiss Trial Court Proceedings. (Dkt. # 61-63, 78.)

The grounds for this motion are as follows:

1.      On May 3, 2013, defendant Asset Acceptance, LLC ("Asset") moved to compel the arbitration of plaintiff Jack Thomas's claims. (Dkt. 50-51.)

2.      On August 27, 2013, the Court denied Asset's motion. (Dkt. # 58.)

3.      On September 10, 2013, Asset filed a renewed motion to compel arbitration of Mr. Thomas's claims. (Dkt. # 61-63.)

4.      On September 24, 2013, plaintiff Thomas filed a motion for leave to file a second amended complaint; and, on September 25, 2013, he filed a motion for leave to take discovery

before responding to Asset's renewed motion to compel arbitration. (Dkt # 68-69.)

5.      On September 26, 2013, the Court granted plaintiff Thomas's motion for leave to file a second amended complaint. Also, the Court denied without prejudice Mr. Thomas's motion for leave to take discovery, and entered and continued Asset's renewed motion to compel arbitration. (Dkt. 70.)

6.      Asset has now filed a motion to dismiss with respect to Marcia Hertz and Arifur Rahman the two plaintiffs added to the Second Amended Complaint. With respect to plaintiff Thomas, Asset reasserts its renewed motion to compel arbitration. (Dkt. 78.)

7.      For the following reasons, and those set forth in the Declaration attached hereto as Appendix A, plaintiff Thomas requests leave to take discovery relating to Asset's renewed motion to compel arbitration. Mr. Thomas is unable to respond to Asset's motion without taking discovery on the chain of title of his account as set forth in Asset's motion.

8.      In the motion, Asset attaches the declaration of Meghan Emmerich, which states in conclusory fashion that Mr. Thomas's account was allegedly assigned in succession by Citibank to Sherman Originator III, LLC to Sherman Originator, III to LVNV Funding, LLC to Sherman Acquisitions, LLC to Asset. (Dkt. 62-2, p. 3 of 14, ¶ 3.)

9.      Emmerich's declaration is contradicted by the affidavit of Citibank Vice-President, Cathrine R. Reinecke, and Citibank employee, Elizabeth S. Barnette, who both testify that Mr. Thomas's account was assigned to Sherman Financial, not Sherman Originator, III. (Dkt. 62-3, p. 2 of 19, ¶ 3; 62-4, p. 4 of 27, ¶ 10.)

10.     Further, the alleged assignment of plaintiff's account from Sherman Originator III, LLC to Sherman Originator, LLC is supported by a "Declaration of Account Transfer"

which, on its face, is undated and phrased in the past tense. It is an unsworn hearsay declaration and not an actual assignment.

11.    Exhibit B-2 to Emmerich's declaration purports to be an "abstract" of the information transferred by the different entities in the chain of title. There is no indication from Emmerich's declaration as to how the abstract was created or whether it is true and accurate.

12.    Finally, the purchase and sale agreement referred to in the "Bill of Sale and Assignment" (Dkt. 62-2, p. 14 of 14), which allegedly transferred Mr. Thomas's account from Sherman Acquisition LLC to Asset, is not attached to Asset's motion. That agreement may limit Asset's ownership rights to Mr. Thomas's account. *Osk II, LLC v. Creek*, No. 12-2145, 2012 U.S. Dist. LEXIS 157029 (C.D. Ill., Nov. 1, 2012) (deferring ruling on motion to dismiss foreclosure complaint pending production of purchase agreement which might limit the plaintiff's rights to foreclose).

13.    Pursuant to Fed.R.Civ.P. 56(d), Mr. Thomas requests an order giving him leave to take discovery relating to Asset's renewed motion to compel arbitration prior to responding to the motion. In particular, he seeks to take the deposition of  Meghan Emmerich, or any employee of the Sherman entities or Asset with knowledge of the chain of title and supporting documents related to the transfer of plaintiff's account. He also would like to depose a knowledgeable person who can testify regarding the circumstances surrounding the drafting of the "Declaration of Account Transfer" and the "Abstract", and any of the other documents attached to Asset's renewed motion to compel arbitration.

14.    The standard of proof on a motion to compel arbitration is similar to that on a summary judgment motion.   "In the context of motions to compel arbitration brought under the

Federal Arbitration Act . . . courts apply a standard similar to that applicable to a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2nd Cir.2003). This is the rule followed in the Seventh Circuit. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002).

15.      In *Webb v. Midland Funding, LLC*, 11 C 511, 2012 WL 2022013 (N.D. Ill. 2012), the court denied a motion to compel arbitration on similar facts as the case at bar. In *Webb*, as here, the account at issue was allegedly transferred from Citibank to Sherman Originator III to Sherman Originator to LVNV to Sherman Acquisition, and finally to Midland Funding, LLC, a debt buyer like Asset. *Webb*, 2012 WL 2022013 at *1-2. The *Webb* court easily denied the defendant's motion to compel arbitration, holding that there was a lack of foundation for the affiant's declaration as to the manner in which third parties produced and maintained business records. *Id*. at *5.

16.      As in *Webb*, the chain of title here is byzantine and discovery may demonstrate why Asset's motion should be denied.

WHEREFORE, pursuant to Fed.R.Civ.P. 56(d), plaintiff Thomas respectfully moves the Court for an order giving him leave to take certain discovery prior to responding to defendant Asset Acceptance, LLC's Renewed Motion to Compel Arbitration and Stay or Dismiss Trial Court Proceedings. (Dkt. # 61-63, 78.)

Respectfully submitted,

s/Francis R. Greene
Francis R. Greene

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor

4

Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

I, Francis R. Greene, hereby certify that on November 14, , 2013, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

Amy R Jonker
Robert M. Horwitz
Dawn N. Williams
Zafreen Husain
Dykema Gossett, PLLC
ajonker@dykema.com
rhorwitz@dykema.com
dwilliams@dykema.com
zhusain@dykema.com

s/ Francis R. Greene
Francis R. Greene