IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK THOMAS, MARCIA HERTZ, and ARIFUR RAHMAN, on behalf of themselves and a class, <br><br> Plaintiffs, <br><br> v. <br><br> ASSET ACCEPTANCE, LLC, <br><br> Defendant. | No. 12-cv-07360 <br><br> Judge Andrea R. Wood |

## OPINION AND ORDER

Plaintiffs Jack Thomas, Marcia Hertz, and Arifur Rahman allege that Defendant Asset Acceptance, LLC ("Asset") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, in attempting to collect debts from each of them. The complaint alleges separate incidents relating to each plaintiff. However, the instant motion relates to a defense that Asset has raised only with respect to Thomas: that Thomas's debt is based on a Citibank credit card agreement under which all disputes about the agreement must be resolved through to mandatory arbitration. Asset claims to be Citibank's successor and has filed a motion to compel arbitration of Thomas's claim. (Dkt. Nos. 61, 78.) In response, Thomas has requested leave to conduct discovery prior to responding to the motion to compel arbitration. (Dkt. No. 81.) This Order memorializes and provides additional detail regarding the Court's oral ruling on April 2, 2014 granting Thomas's motion for discovery.

Asset's motion to compel arbitration is supported by multiple declarations regarding its claim of succession to Citibank's rights under the credit card agreement. The Declaration of Kenneth Proctor states that he is the "Manager-Litigation/Complaint Response" for Asset. (Def.

Mot. to Compel Arbitration, Ex. A ¶ 1, Dkt. No. 62.) Proctor also states that some of the "business records" attached to the declaration "were created by businesses other than Asset." (*Id.* ¶ 2.) With regard to such records, Proctor states, "[o]n information and belief, all of these records were made by, or from, information transmitted by a person with knowledge of the events described therein, at or near the time of the event described, were kept in the ordinary course of the regularly conducted business activity of such persons, and it is the regular practice of those business activities to make and rely upon such records." (*Id.* ¶ 3.)

Proctor states that Asset purchased a portfolio of charged-off accounts from Sherman Acquisitions LLC on May 31, 2011 through a "Bill of Sale" that references an "Exhibit 2." (*Id.* ¶ 3.) But Exhibit 2 is not included with Proctor's declaration. The declaration goes on to represent that "as part of the sale," Sherman "transferred electronic records and other records of the charged-off accounts to Asset." (*Id.* ¶ 4.) Furthermore, those records included an Excel file identifying all of the purchased accounts, including Thomas's account, but that the file "is not in a format that can be feasibly provided to the Court." (*Id.* ¶ 5.) Proctor states that an attached page "is an abstract of the true and correct data from the Excel file pertaining to the Account." (*Id.*) The abstract does not indicate who prepared it or when it was prepared. Nor does it reference the Sherman-Asset sale that Proctor describes.

Asset's motion also relies upon the Declaration of Meghan Emmerich to describe the Citibank-Sherman transactions. (Def. Mot. to Compel Arbitration, Ex. B, Dkt. No. 62.) In her declaration, Emmerich states that she is "currently employed as a managing paralegal for Resurgent Capital Services, LP, master servicer for the Sherman Companies." (*Id.* ¶ 1.) She purports to have made the statements in the declaration "from [her] own personal knowledge of the matters set forth herein, or on information and belief based upon my review of the business

records of the Sherman Companies." (*Id*.) According to Emmerich, Sherman Originator III, LLC purchased the Thomas account from Citibank, transferred it to Sherman Originator, LLC, which transferred it to LVNV Funding, LLC, which transferred it to Sherman Acquisitions, LLC. (*Id.* ¶ 3.)

Although Emmerich states in her declaration that Sherman Originator III, LLC purchased the Thomas account from Citibank, Asset's motion also incorporates affidavits from other people that describe a different Sherman entity as the buyer. The affidavit of Cathrine Reinecke identifies her as a "Vice President of Citibank, N.A." and its "duly authorized custodian of the records," and states that Citibank sold the Thomas account to "Sherman Financial," not Sherman Originator III. (Def. Mot. to Compel Arbitration, Ex. C at ¶ 3, Dkt. No. 62.) The declaration of another Citibank employee, Elizabeth Barnette, like Reinecke's affidavit, states that the Thomas account was "sold to Sherman Financial," with no mention of Sherman Originator III. (Def. Mot. to Compel Arbitration, Ex. D at ¶ 10, Dkt. No. 62.)

With his motion, Thomas seeks leave to take discovery regarding Asset's motion to compel. He asks to be allowed to depose Emmerich "or any employee of the Sherman entities or Asset with knowledge of the chain of title and supporting documents related to the transfer of plaintiff's account." He also asks to depose someone who can testify regarding the creation of the "abstract" referenced in the Proctor declaration and the "Declaration of Account Transfer" identified in the Emmerich declaration.

A motion to compel arbitration is analyzed according to the standards applicable to summary judgment motions. *Tinder v. Pinkerton Security,* 305 F.3d 728, 735-36 (7th Cir. 2002). A summary judgment decision before the parties have had the chance to conduct discovery is premature: "Summary judgment should not be entered until the party opposing the motion has

had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion." *Cent. Contracting, Inc. v. Kenny Constr. Co.,* 2012 WL 832842, at *3 (N.D. Ill. Mar. 12, 2012) (*quoting Grayson v. O'Neill,* 308 F.3d 808, 815 (7th Cir. 2002)); *see also Farmer v. Brennan,* 81 F.3d 1444, 1449-50 (7th Cir. 1996) (district court abused its discretion by granting summary judgment without allowing the party opposing the motion adequate time to obtain discovery).

Federal Rule of Civil Procedure 56(c)(4) provides that affidavits or declarations used to support a summary judgment motion "must be made on personal knowledge." Fed. R. Civ. P. 56(c)(4). The Proctor and Emmerich declarations fail to meet that standard. Instead, each declaration is based in part on "information and belief" about practices that went on at companies other than the declarant's employer, and neither declaration makes clear what testimony about those practices comes from the declarant's own knowledge. Although the declarations assert that the Thomas account was transferred from Citibank through the Sherman companies, and ultimately to Asset through various transfer documents, no transfer document provided in support of Asset's motion references the Thomas account or any other individual account. Instead, Asset relies upon the declarations to support the assertion that an "abstract" and a "Declaration of Account Transfer" accurately recount the fact that records of the Thomas account were included in the applicable sale agreements. The declarations do not make clear how the declarants know that the abstract and "Declaration of Account Transfer" are accurate.

Given the significance of the chain of title to Asset's asserted right to compel arbitration, the failure of the declarations to meet the personal knowledge requirement, the inconsistent identifications of the Sherman purchaser of the Citibank accounts, and the lack of specificity of the declarations in describing the account transfers, the Court concludes that evidence regarding

the subject matter of the declarations and the basis for the declarants' knowledge is relevant and material to Asset's claimed right to compel arbitration. Thomas must be granted the right to probe these matters through discovery before responding to Defendant's motion.

Asset cites *Campbell v. Midland Credit Management, Inc.,* No. 13-cv-4622 (N.D. Ill. Jan. 14, 2014), as authority for the denial of Thomas's motion. In *Campbell,* the court denied a motion for leave to depose a declarant in litigation similar to the present matter. The *Campbell* ruling was based in part on the court's failure to find any reason to doubt the validity of the transfer of the plaintiff debtor's account to the defendant creditor. As noted above, ample basis for such doubt is readily apparent here. That doubt distinguishes the present matter from the circumstances described in *Campbell* and dictates a different result here.

## **CONCLUSION**

Accordingly, for the reasons above, Thomas's motion is granted. Thomas is granted leave (i) to depose Meghan Emmerich, or any other employee of the Sherman entities or Asset Acceptance with knowledge of the chain of title and supporting documents related to the transfer of his account; and (ii) to depose a person (or persons) knowledgeable about the circumstances surrounding the drafting of the "Declaration of Account Transfer," the "Abstract," and any of the other documents attached to Assets renewed motion to compel arbitration. The depositions shall be completed by June 2, 2014.

Dated: April 7, 2014

_____
Andrea R. Wood
United States District Judge